FILED
MAY 1 4 2008 NH
MAY 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DATA BUSINESS SOLUTIONS INC., et al.,<br><br>Defendants. | 08CV2783<br>JUDGE DOW<br>MAGISTRATE JUDGE DENLOW |

### PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL FILE

Plaintiff, Federal Trade Commission ("FTC"), hereby moves this Court on an *ex parte* basis for an order to temporarily seal the file in this matter, including the complaint and all papers submitted by the Commission on this date through and until service of the TRO is made upon defendants, but in no event later than Monday, May 19, 2008, at 5:00 p.m. Central Time. In support thereof, Plaintiff states:

1. Although there is a common-law right to inspect and copy judicial records, this right is not absolute. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 597, 597-98 (1978). The presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest." *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Every court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. "[T]he decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

2. There is a reasonable basis for departing from the Court's general policy of public filing in this matter. As described in more detail in the Memorandum Supporting Plaintiff's *Ex Parte* Motion for Temporary Restraining Order With Asset Freeze, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO Memo"), this case concerns defendants' violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a). Defendants' violations are causing substantial injury to consumers.

3. In this action, the FTC seeks restitution, disgorgement, and other equitable remedies to deprive defendants of their ill-gotten gains. *See* 15 U.S.C. § 53. Specifically, the proposed TRO provides for an asset freeze, expedited discovery, and a prohibition on the destruction of defendants' records. The relief the Commission seeks is critical to preserving the possibility of providing full and effective final relief. Indeed, an asset freeze will ensure that defendants' assets will remain available to provide consumer redress, and preservation of defendants' business records will allow the FTC to protect the public interest by giving it the opportunity to use these records to demonstrate that it is entitled to relief.

4. As described in the Declaration and Certification of Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 65(b) and Local Rule 5.5(d) in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion to Temporarily Seal File ("Declaration of Plaintiff's Counsel"), if documents filed in this case were placed on the public record while the Court is considering the TRO Motion and before defendants are served, defendants may learn of this matter and defeat in large part the purposes of the records retention and asset freeze provisions of the TRO before the Court has an opportunity to consider the TRO motion. Defendants could potentially learn of this action from the media (which may monitor this district's dockets), or from any other entity or individual with access to the Court's filings. Individuals involved in

schemes permeated by fraud, such as the scheme operated by defendants, are, in the FTC's experience, likely to attempt to conceal or destroy evidence, and attempt to conceal or dissipate assets if they receive advance notice of an FTC enforcement action. This Court's ability to render effective, final relief in the form of consumer redress would be undermined if defendants were to succeed in destroying evidence or dissipating assets.

5. Several courts in this district have granted similarly limited seals in other matters brought by the FTC seeking relief similar to that sought here. *See, e.g., FTC v. Spear Systems, Inc., et al*, No. 07 C 5597 (N.D. Ill. Oct. 3, 2006) (Andersen, J.); *FTC v. Sili Neutraceuticals, LLC, et al.*, No. 07 C 4541 (N.D. Ill. Aug. 13, 2007) (Kennelly, J.); *FTC v. Select Personnel Management, Inc.*, No. 07 C 529 (N.D. Ill. January 29, 2007) (Norgle, J.); *FTC v. 1522838 Ontario, Inc.*, No. 06 C 5378 (N.D. Ill. Oct. 4, 2006) (Gettleman, J.); *FTC v. Datacom Marketing, et al.*, No. 06 C 2574 (N.D. Ill. May 9, 2006) (Holderman, J.); *FTC v. Cleverlink Trading Limited*, No. 05 C 2889 (N.D. Ill. May 16, 2005) (St. Eve, J.); *FTC v. 3R Bancorp, et al.*, No. 04 C 7177 (N.D. Ill. Nov. 8, 2004) (Lefkow, J.); *FTC v. 120194 Canada Ltd. et al.*, No. 04 C 7204 (N.D. Ill. Nov. 8, 2004) (Gottschall, J.); *FTC v. AVS Marketing, Inc., et al.*, No. 04 C 6915 (N.D. Ill. Oct. 28, 2004) (Moran, J.); *FTC v. Harry*, No. 04 C 4790 (N.D. Ill. July 27, 2004) (Manning, J.); *FTC v. Phoenix Avatar, LLC, et al.*, No. 04 C 2897 (N.D. Ill. Apr. 23, 2004) (Holderman, J.); *FTC v. CSCT, Inc.*, No. 03 C 880 (N.D. Ill. Feb. 11, 2003) (Coar, J.); *FTC v. Bay Area Business Counsel, Inc.*, No. 02 C 5762 (N.D. Ill. Aug. 14, 2002) (Darrah, J.); *FTC v. Stuffingforcash.com Corp.*, No. 02 C 5022 (N.D. Ill. July 16, 2002) (Norgle, J.); *FTC v. TLD Network Ltd.*, No. 02 C 1475 (N.D. Ill. Feb. 28, 2002) (Holderman, J.); *FTC v. 1st Financial Solutions, Inc.*, No. 01 C 8790 (N.D. Ill. Nov. 19, 2001) (Kocoras, J.); *FTC v. Growth Plus Int'l Marketing, Inc.*, No. 00 C 7886 (N.D. Ill. Dec. 18, 2000) (Aspen, J.); *FTC v. Med Resorts Int'l, Inc.*, No. 00 C 4893 (N.D. Ill. Aug. 17, 2000) (Castillo, J.).

WHEREFORE, for the foregoing reasons, the Seal Order is necessary to preserve the possibility of the requested relief. Accordingly the FTC respectfully requests that the Court grant the FTC's Motion to Temporarily Seal File until Monday, May 19, 2008, at 5:00 p.m. Central Time. This should be sufficient time to allow service of papers upon the defendants and the third parties controlling the defendants' assets, processing consumers' payments, and forwarding the defendants' mail containing consumers' checks to the defendants in Canada. A proposed order is attached hereto.

Dated: May 14, 2008

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

KAREN D. DODGE
MARISSA J. REICH
Attorneys for Plaintiff
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois  60603
(312) 960-5634 (telephone)
(312) 960-5600 (facsimile)