FILED
MAY 1 4 2008  NF
MAY 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) 08CV2783 |
| | ) JUDGE DOW |
| DATA BUSINESS SOLUTIONS INC., *et al.*, | ) MAGISTRATE JUDGE DENLOW |
| Defendants. | ) |

### *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed its complaint in this matter seeking a permanent injunction and other relief, including restitution for consumers injured by defendants' unlawful practices, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Federal Rule of Civil Procedure 65(b), moves this Court for an *ex parte* temporary restraining order ("TRO") temporarily restraining defendants, Data Business Solutions Inc., d/b/a Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLSCORP.NET; Ari Balabanian; Isaac Benlolo; and Kirk Mulveney, from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in the complaint. The Commission respectfully requests that the Court issue the accompanying proposed TRO to promptly halt defendants' unlawful practices. In support of this motion, the FTC states as follows:

1. As detailed in the FTC's memorandum and exhibits in support of this motion, since at least August 2004, defendants have engaged in a deceptive scheme that has caused

injury to consumers throughout the United States. Operating out of Canada, defendants have targeted small businesses and non-profit organizations with their fake invoices that are disguised to look like annual bills from consumers' existing domain name registrars for their Internet Web sites. In addition to creating a false impression that they are the consumers' domain name providers and will provide consumers' with the continued registration of their domain names, defendants also falsely represent that they will provide "search optimization" services that will substantially increase the amount of traffic to consumers' Web sites. Consumers who pay these fake invoices typically receive nothing in return. Checks from the victims are received on a daily basis at a mail drop in Chicago. These checks are then forwarded to Canada.

    2.    To bring an immediate halt to defendants' scheme, and to preserve the potential for effective final relief, the Commission seeks a temporary restraining order that temporarily:

    a.    restrains defendants from violating the FTC Act, 15 U.S.C. § 45;

    b.    freezes defendants' assets and requires them to complete financial disclosure statements;

    c.    withholds the forwarding of mail delivered to defendants' mail boxes, suspends collection and processing of consumers' payments, disables the defendants' Web sites and suspends their domain names, and prohibits defendants from transferring or disclosing consumers' account information and other personal identifiers;

    d.    restrains defendants from destroying or concealing documents, and requires them to report new business activity;

    e.    permits the Commission to engage in expedited asset discovery; and

   f.  requires defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.[1]

3. *Ex parte* relief is necessary here. An *ex parte* temporary restraining order is warranted where the facts show that irreparable injury, loss, or damage will result before the defendant can be heard in opposition. *See* Fed. R. Civ. P. 65(b). Matters such as this, involving unfair and deceptive practices that violate the FTC Act and the TSR, fit squarely within the category of cases where *ex parte* relief is appropriate and necessary. As in other cases in this district where courts have granted the Commission *ex parte* restraining orders,[2] irreparable injury, loss, or damage will likely result if defendants receive notice of this motion.

4. The Commission's experiences have shown that defendants engaged in similar schemes have withdrawn funds and destroyed documents when they learned of the Commission's action. *See* Declaration in Support of *Ex Parte* Motion for Temporary Restraining Order and Application to File Papers Under Seal, filed concurrently herewith.

---

[1] The ten day duration for a temporary restraining order prescribed by Fed. R. Civ. P. 65(b) refers to business days. Fed. R. Civ. P. 6(a)(2) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.").

[2] *See, e.g., FTC v. 1522838 Ontario, Inc.*, No. 06 C 5378 (N.D. Ill. Oct. 4, 2006) (Gettleman, J.); *FTC v. Datacom Marketing*, No. 06 C 2574 (N.D. Ill. May 9, 2006) (Holderman, J.); *FTC v. Cleverlink Trading Ltd., et al.*, No. 05 C 2889 (N.D. Ill. May 31, 2005) (St. Eve, J.); *FTC v. 3R Bancorp, et al.*, No. 04 C 7177 (N.D. Ill. Nov. 17, 2004) (Lefkow, J.); *FTC v. 120194 Canada Ltd., et al.*, No. 04 C 7204 (N.D. Ill. Nov. 8, 2004) (Gottschall, J.); *FTC v. AVS Marketing, Inc., et al.*, No. 04 C 6915 (N.D. Ill. Oct. 28, 2004) (Moran, J.); *FTC v. 9094-5114 Quebec Inc., et al.*, 03 C 7486 (N.D. Ill. Oct. 23, 2003) (Leinenweber, J.); *FTC v. QT Inc., et al.*, 03 C 3578 (N.D. Ill. May 29, 2003) (St. Eve, J.); *FTC v. STF Group, Inc., et al.*, 03 C 977 (N.D. Ill. Feb. 12, 2003) (Zagel, J.); *FTC v. CSCT, Inc.*, 03 C 880 (N.D. Ill. Feb. 11, 2003) (Coar, J.); *FTC v. 1492828 Ontario Inc., et al.*, 02 C 7456 (N.D. Ill. Oct. 17, 2002) (Guzman, J.); *FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762 (N.D. Ill. Aug. 15, 2002) (Darrah, J.).

Indeed, such behavior seems possible in this case given the pervasive nature of defendants' fraud, and their attempts to hide the true nature and location of their enterprise. Without an *ex parte* asset freeze, funds may not be available to satisfy a final order granting restitution to defrauded consumers.

  5. Because the Commission seeks to avoid any notice to defendants from the filing of this action, it requests by separate application that the file in this matter be temporarily sealed, in accordance with Northern District of Illinois Local Rule 5.7(a). The FTC has not previously applied for the relief sought in this *ex parte* motion, or any similar relief, against these defendants. *See* Local Rule 5.5(d).

  WHEREFORE, the Federal Trade Commission respectfully requests that the Court grant its *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and enter the Commission's Proposed Temporary Restraining Order.

Dated: May 14, 2008

Respectfully Submitted,

WILLIAM BLUMENTHAL
General Counsel

*/s/ Karen D. Dodge*
KAREN D. DODGE
MARISSA J. REICH
Attorneys for Plaintiff
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 (telephone)
(312) 960-5600 (facsimile)

4