# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **08CV2783** |
| v. | ) **JUDGE DOW** |
| | ) **MAGISTRATE JUDGE DENLOW** |
| DATA BUSINESS SOLUTIONS INC., also d/b/a | ) |
| INTERNET LISTING SERVICE CORP., | ) |
| ILS CORP., ILSCORP.NET, DOMAIN LISTING | ) |
| SERVICE CORP., DLS CORP., and | ) |
| DLSCORP.NET; | ) |
| | ) |
| ARI BALABANIAN; | ) |
| | ) |
| ISAAC BENLOLO; and | ) |
| | ) |
| KIRK MULVENEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

[PROPOSED] *and*

## *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), having filed its

complaint for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of

the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having moved *ex parte*

for a Temporary Restraining Order and for an order to show cause why a preliminary injunction

should not be granted pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ.

P. 65, and the Court having considered the complaint, declarations, exhibits, and memorandum

of law filed in support thereof, and now being advised in the premises finds, that:

1.     This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction of all parties hereto;

2.     Venue lies properly with this Court;

3.     There is good cause to believe that Defendants Data Business Solutions Inc., d/b/a Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLSCORP.NET; Ari Balabanian; Isaac Benlolo; and Kirk Mulveney have engaged in and are likely to engage in the future in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action;

4.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), unless Defendants are restrained and enjoined by Order of this Court;

5.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for U.S. consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by Order of this Court. Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including freezing the Defendants' assets and prohibiting the Defendants from destroying records, and for relieving the Commission of the duty to provide Defendants with prior notice of the Commission's motion;

6.     Weighing the equities and considering the Commission's likelihood of ultimate success, a Temporary Restraining Order with asset freeze, expedited discovery, and other equitable relief is in the public interest; and

2

7.     No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this temporary restraining order, the following definitions shall apply:

1.     **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting others"** means providing any of the following goods or services to any person or entity engaged in telemarketing, including, but not limited to:  (a) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (b) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the promotion of products or services to consumers; (c) providing or arranging for the provision of telemarketing services; (d) performing or providing marketing services of any kind; (e) developing, providing, or arranging for the provision of names of potential customers; and (f) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer.

3.     **"Commercial Mail Receiving Agency"** (**"CMRA"**) means any commercial mail receiving and/or forwarding agencies, commercial freight holding and/or forwarding agencies,

3

customs brokers, or other parties holding, receiving, or forwarding mail and/or freight on behalf of Defendants.

4.     **"Consumer"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

5.     **"Customer"** means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by Defendants.

6.     **"Defendant"** or **"Defendants"** means Data Business Solutions Inc., d/b/a Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLSCORP.NET; Ari Balabanian; Isaac Benlolo; and Kirk Mulveney.

7.     **"Document"** or **"record"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

8.     **"Domain name"** means a globally unique, and easy to remember, name used to identify and locate a specific Web site address using standard Internet protocols.  In order to maintain a Web site that is accessible to Internet users around the world, a domain name must be registered with a "domain name registrar" that is accredited by The Internet Corporation for Assigned Names and Numbers ("ICANN").

9.     **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage

4

house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

10.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11.     **"Person"** or **"persons"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

12.     **"Plaintiff"** means the Federal Trade Commission.

13.     **"Search optimization"** or **"search engine optimization"** means a process or method for increasing the amount of traffic to a Web site by improving or optimizing the Web site in a way that improves the Web site's ranking or position when consumers conduct Internet searches using search engines.

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and those persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promoting, offering for sale, or sale of any product or service, including, but not limited to, any "website address" listings, domain name registration services, or "search optimization" services, are hereby temporarily restrained and enjoined from:

A.    Misrepresenting, expressly or by implication, that consumers have a preexisting business relationship with Defendants;

B.    Misrepresenting, expressly or by implication, that consumers owe money to Defendants for the continued registration of the consumers' current domain names;

C.    Misrepresenting, expressly or by implication, that Defendants will provide continued domain name registration services for consumers' current domain names;

D.    Misrepresenting, expressly or by implication, that Defendants will provide "search optimization" services that will substantially increase traffic, or direct mass traffic, to consumers' Internet Web sites;

E.    Misrepresenting, expressly or by implication, that Defendants will provide any product or service in connection with consumers' current domain names or Internet Web sites;

F.    Misrepresenting, expressly or by implication, that consumers owe Defendants money for any product or service;

G.    Misrepresenting, expressly or by implication, any fact material to a consumer's decision to purchase any product or services; and

H.    Assisting others who violate any provision of Subsections A through G of this Section.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and those persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, or otherwise,

6

whether acting directly or through any trust, corporation, subsidiary division, or other device, or

any of them, except as provided herein, as stipulated by the parties, or as directed by further

order of the Court, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security

interest or other interest in, or otherwise disposing of any funds, real or personal property or

other assets, or any interest therein, wherever located, including any assets outside the territorial

United States, that are (1) owned, controlled, or held by, or for the benefit of, in whole or in part,

any Defendant; (2) in the actual or constructive possession of any Defendant; (3) owned,

controlled, or held by, or in the actual or constructive possession of any other corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by, or under

common control with any Defendant, including, but not limited to, any assets held by or for any

Defendant in any account at any bank or savings and loan institution, or with any credit card

processing agent, automated clearing house processing, network transaction processor, bank

debit processing agent, customer service agent, commercial mail receiving agency, or mail

holding or forwarding company, or any credit union, retirement fund custodian, money market

or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title

company, commodity trading company, precious metal dealer, or other financial institution or

depository of any kind, either within or outside the territorial United States;

B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or

under any Defendant's control, without providing the Commission prior notice and an

7

opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.      Cashing any checks or depositing any payments from customers of Defendants;

D.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; and

E.      Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant.

Notwithstanding the asset freeze provisions of Section II.A-E above, and subject to prior written agreement with the Commission, Defendants Ari Balabanian, Isaac Benlolo, and Kirk Mulveney, may upon compliance with Section III (Financial Statements) *infra*, pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The assets affected by this Section shall include both existing assets and assets acquired after the issuance of this Order.

### III.

### FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that no later than five (5) business days after service of this Order, each Defendant shall serve upon counsel for the Commission:

A.      A completed financial statement, accurate as of the date of service of this Order, on the form served on Defendants with this Order, for such Defendant individually, and for each corporation or business entity under which such Defendant conducts business or of which such Defendant is an officer, and for each trust of which such Defendant is a trustee. Said financial statement shall include assets held outside the territory of the United States. Defendants shall

8

attach to their completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules as called for by the instructions to the financial statements; and

B.      A completed Consent to Release of Financial Information, attached to this Order as Attachment A, providing Plaintiff with access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a preliminary injunction, any financial institution, person, or other entity maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, or that at any time since August 1, 2004, has maintained or had custody of any such asset, and which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, or other property held by, or under its control, on behalf of any Defendant in any account maintained in the name of, or for the benefit of, any Defendant, in whole or in part, except in accordance with any further order of the Court;

9

B.     Deny Defendants access to any safe deposit boxes or storage facilities that are either titled in the name, individually or jointly, of any Defendant, or otherwise subject to access by any Defendant;

C.     Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.     The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.     The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.     The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant; and

D.     Upon request by the Commission, within five (5) business days of said request, provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

10

The assets and funds affected by this Section shall include both existing assets and assets acquired after the issuance date of this Order.

## V.

## DUTIES OF THIRD PARTIES TO WITHHOLD DEFENDANTS' MAIL

**IT IS FURTHER ORDERED** that:

A.      Any CMRA where Defendants maintain an account, including, but not limited to, the UPS Store at 27 N. Wacker Dr., Suite #650, Chicago, Illinois 60606, or any branches thereof, upon being served with a copy of this Order, shall for the duration of this Order, retain and forward to Plaintiff all mail received that is addressed to any Defendant and/or addressed to any other name under which Defendants are doing business, including, but not limited to, "Data Business Solutions Inc.," "Internet Listing Service Corp.," "ILS Corp.," "ILSCORP.NET," "Domain Listing Service Corp.," "DLS Corp.," and "DLSCORP.NET." This mail shall be forwarded to Plaintiff at the following address:

> Karen D. Dodge
> Marissa J. Reich
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois  60603

Plaintiff shall retain this mail for the duration of this Order, or until further order of the Court or stipulation of the parties; and

B.      Defendants, within three (3) business days of service of this Order, shall provide to counsel for the Commission a complete list of all CMRA accounts or other mailing addresses used by any Defendant, either within or outside of the territorial United States, at any time from August 1, 2004 through the date of entry of this Order.

11

## VI.

## SUSPEND COLLECTION OF CONSUMER PAYMENTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any U.S. consumer for any product or service, including, but not limited to, any "website address" listing, domain name registration service, or "search optimization" service sold by any Defendant, under any name, including, but not limited to, "Data Business Solutions Inc.," "Internet Listing Service Corp.," "ILS Corp.," "ILSCORP.NET," "Domain Listing Service Corp.," "DLS Corp.," and "DLSCORP.NET."

## VII.

## DUTIES OF THIRD PARTIES PROCESSING PAYMENTS FOR DEFENDANTS

**IT IS FURTHER ORDERED** that PayPal, Inc., and its affiliates, or any other business entity or person providing any services or assistance in processing payments made by U.S. consumers to any Defendant, including, but not limited to, payments made by bank account debit or check, or credit or debit cards, that receives actual notice of this Order by personal service or otherwise, is hereby temporarily restrained and enjoined from providing any services or assistance in processing payments made by U.S. consumers to any Defendant, and from collecting any fees or charges in connection with providing such assistance.

12

## VIII.

## DISABLEMENT OF DEFENDANTS' WEB SITES

**IT IS FURTHER ORDERED** that, any party hosting any Web pages or Web sites for Defendants, including, but not limited to, Wild West Domains, Inc., and its affiliates, shall:

A.    Immediately take whatever steps may be necessary to ensure that Web pages or Web sites operated, in whole or in part, under the names ilscorp.net, and dlscorp.net cannot be accessed by the public;

B.    Prevent the destruction or erasure of Web pages or Web sites operated, in whole or in part, under the names ilscorp.net, and dlscorp.net by preserving such documents in the format in which they are currently maintained; and

C.    Immediately notify counsel for the Commission of any other Web page or Web site operated or controlled by Defendants.

## IX.

## SUSPEND DOMAIN NAMES

**IT IS FURTHER ORDERED** that Wild West Domains, Inc., and its affiliates, and any other domain name registrar shall:

A.    Immediately suspend the registration and prevent the transfer of the following domain names: ilscorp.net, and dlscorp.net, by any and all means, including by removing name server records for the domain names from the registry root file; and

B.    Immediately notify counsel for the Commission of any other Web page or Web site operated or controlled by Defendants.

## X.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

      A.     Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants; and

      B.     Destroying, erasing, mutilating, falsifying, concealing, writing over, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records, including, but not limited to, any and all computerized files, storage media (including, but not limited to, floppy disks, hard drives, CD-ROMs, Zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, registrations, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet or sent via e-mail), FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, e-mail messages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal

and business canceled checks and check registers, bank statements, appointment books, copies of federal, provincial, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices, or business or personal finances, of any Defendant; and

C.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and Web site address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's complaint; and

15

B.    Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's complaint;

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each subsidiary, affiliate, partner, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, spouse, and representative of any Defendant. Within five (5) business days following service of this Order, Defendants shall serve on Plaintiff an affidavit identifying the name, title, addresses, and telephone numbers of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, first class mail, electronic mail, by agents and employees of the Commission or any state, provincial, federal, or international law enforcement agency, or by private process server, on: (1) Defendants; (2) any financial institution, entity, or person that holds, controls, or maintains custody of any documents or assets of any Defendant, or that held, controlled, or maintained custody of any documents or assets of any Defendant; or

16

(3) any other person or entity that may be subject to any provision of this Order. Service upon

any branch or office of any financial institution or entity shall effect service upon the entire

financial institution or entity.

## XIV.

## CONSUMER REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning any Defendant to the Commission.

## XV.

## EXPEDITED ASSET DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules of

Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Federal Rules of Civil

Procedure 30(a), 34, and 45, Plaintiff is granted leave, at any time after service of this Order, to:

A.    Take the deposition, on three (3) calendar days' notice, of any person, whether or

not a party, for the purpose of discovering the nature, location, status, and extent of the assets of

the Defendants, or their affiliates or subsidiaries; the nature and location of documents reflecting

the Defendants' business transactions, or the business transactions of the Defendants' affiliates

or subsidiaries; the location of any premises where Defendants, directly or through any third

party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any

evidentiary privileges to this action. The limitations and conditions set forth in Fed. R. Civ. P.

30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of a person shall not apply

to depositions taken pursuant to this Section. Any such depositions taken pursuant to this

Section shall not be counted toward the ten (10) deposition limit set forth in Fed. R. Civ. P.

17

30(a)(2)(A)(i) and 31(a)(2)(A)(i).  Service of discovery upon a party, taken pursuant to this

Section, shall be sufficient if made by facsimile or by overnight delivery; and

     B.     Demand the production of documents, on five (5) calendar days' notice, from any

person, whether or not a party, relating to the nature, status, or extent of Defendants' assets, or of

their affiliates or subsidiaries; the location of documents reflecting the business transactions of

Defendants, or of their affiliates or subsidiaries; the location of any premises where Defendants,

directly or through any third party, conduct business operations; the Defendants' whereabouts;

and/or the applicability of any evidentiary privileges to this action, provided that twenty-four

(24) hours' notice shall be deemed sufficient for the production of any such documents that are

maintained or stored only as electronic data.

## XVI.

### SERVICE UPON PLAINTIFF

     **IT IS FURTHER ORDERED** that any correspondence, papers, and pleadings related to

this Order shall be served upon Plaintiff by overnight mail, courier delivery, or facsimile to:

> Karen D. Dodge
> Marissa J. Reich
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois  60603
> facsimile transmission to:  (312) 960-5600

## XVII.

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on _May 29_, 2008 at ~~11:59 p.m.~~ 2:40 p.m., unless within such time, the Order, for

good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it

should be extended for a longer period of time.

## XVIII.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each

Defendant shall appear before this Court on the _29th_ day of _May_, 2008, at

_9:30_ o'clock _a_.m., at the Dirksen Federal Courthouse, 219 S. Dearborn St., Chicago,

Illinois, Courtroom _1919_, to show cause, if there is any, why this Court should not enter a

Preliminary Injunction, pending final ruling on the complaint against Defendants, enjoining them

from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), continuing the freeze

of their assets, and imposing such additional relief as may be appropriate.

**Provided that,** Defendants must file with the Clerk's Office and deliver to the counsel

for the Commission any brief responding to the order to show cause why a preliminary

injunction should not be entered no later than forty-eight (48) hours before the time scheduled

for the hearing. An evidentiary hearing on the Commission's request for a preliminary

injunction is not necessary unless Defendants demonstrate that they have, and intend to

introduce, evidence that raises a genuine and material factual issue. *See, e.g., In re Aimster*, 334

F.3d 643, 653-54 (7th Cir. 2003); *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814

(7th Cir. 2002).

19

**Provided further that,** if any party to this action intends to present the testimony of any witness at the hearing on a Preliminary Injunction in this matter, that party shall, ~~at least seventy-two (72) hours prior to the scheduled date and time of hearing~~, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit revealing the substance of such witness' expected testimony. *by 4:00 p.m. on Friday, May 23, 2008, unless prior leave of Court has been granted* ~~~~ *to extend that time for good cause shown.*

## XIX.
### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

*The parties shall appear for a status hearing in Courtroom 1919 and at 9:45 am on Thursday, May 22, 2008.*

**SO ORDERED,** this _14th_ day of _May_, 2008, at _2:40_ .m.

MAY 14 2008

_____
United States District Judge

20

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| DATA BUSINESS SOLUTIONS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, _____, of _____
(city or province and country), do hereby direct any person, bank, savings and loan association,
credit union, depository institution, finance company, commercial lending company, credit card
processor, credit card processing entity, common carrier, customs broker, commercial mail
receiving agency, mail holding and/or forwarding company, brokerage house, escrow agent,
money market or mutual fund, title company, commodity trading company, or trustee, that holds,
controls or maintains custody of assets, wherever located, that are owned or controlled by me, or
any of the above Defendants, in whole or in part, or at which I, or any of the above Defendants,
have an account of any kind upon which I am authorized to draw, and its officers, employees and
agents, to disclose all information and deliver copies of all documents of every nature in its
possession or control which relate to the said accounts to any attorney of the Federal Trade
Commission, and to give evidence relevant thereto, in the above captioned matter, *FTC v. Data*

-i-

*Business Solutions Inc., et al.*, now pending in the United States District Court for the Northern District of Illinois, and this shall be irrevocable authority for so doing.  This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be the relevant principal.

Dated: _____, 2008        _____

                                                                                [Signature]


                                                                 _____

                                                                                [Print Name]