*AC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08 C 2783 |
| DATA BUSINESS SOLUTIONS INC., also d/b/a INTERNET LISTING SERVICE CORP., ILS CORP., ILSCORP.NET, DOMAIN LISTING SERVICE CORP., DLS CORP., and DLSCORP.NET; | ) Judge Robert M. Dow Jr.<br>) Magistrate Judge Morton Denlow |
| ARI BALABANIAN; | ) |
| ISAAC BENLOLO; and | ) |
| KIRK MULVENEY, | ) |
| Defendants. | ) |

## STIPULATED PRELIMINARY INJUNCTION WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF AGAINST DATA BUSINESS SOLUTIONS INC. AND ARI BALABANIAN

The Court, having granted Plaintiff Federal Trade Commission's *Ex Parte* Motion for a Temporary Restraining Order With Asset Freeze and Other Equitable Relief; having entered an Order to Show Cause Why a Preliminary Injunction Should Not Issue; and having considered the record and being fully advised in the premises, hereby finds that:

1.    This Court has jurisdiction over the subject matter of this case and over the parties;

2.    Venue, process, and service of process are proper;

3.    There is good cause to believe that the Federal Trade Commission's complaint states a claim upon which relief may be granted against Defendants Data Business Solutions Inc. and Ari Balabanian under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Federal Trade Commission ("FTC" or "Commission") is likely to prevail on the merits of this action;

4.    There is good cause to believe that immediate and irreparable damage to the Court's ability to provide effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court. Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including freezing the Defendants' assets and prohibiting the Defendants from destroying records;

5.    Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction with asset freeze, expedited discovery, and other equitable relief is in the public interest; and

6.    No security is required of any agency of the United States for issuance of a restraining order. *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

1.    **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.    **"Assisting others"** means providing any of the following goods or services to any person or entity engaged in telemarketing, including, but not limited to: (a) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (b) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the promotion of products or services to consumers; (c) providing or arranging for the provision of telemarketing services; (d) performing or providing marketing services of any kind; (e) developing, providing, or arranging for the provision of names of potential customers; and (f) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer.

3.    **"Commercial Mail Receiving Agency" ("CMRA")** means any commercial mail receiving and/or forwarding agencies, commercial freight holding and/or forwarding agencies, customs brokers, or other parties holding, receiving, or forwarding mail and/or freight on behalf of Defendants.

4.    **"Consumer"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

5.    **"Customer"** means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by Defendants.

6.    **"Defendant"** or **"Defendants"** means Data Business Solutions Inc. and Ari Balabanian, and by whatever other names each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities, or any of them.

7.    **"Document"** or **"record"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

8.    **"Domain name"** means a globally unique, and easy to remember, name used to identify and locate a specific Web site address using standard Internet protocols.  In order to maintain a Web site that is accessible to Internet users around the world, a domain name must be registered with a "domain name registrar" that is accredited by The Internet Corporation for Assigned Names and Numbers ("ICANN").

9.    **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

10.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11.    **"Person"** or **"persons"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

12.    **"Plaintiff"** means the Federal Trade Commission.

13.    **"Search optimization"** or **"search engine optimization"** means a process or method for increasing the amount of traffic to a Web site by improving or optimizing the Web

site in a way that improves the Web site's ranking or position when consumers conduct Internet searches using search engines.

## ORDER

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and those persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promoting, offering for sale, or sale of any product or service, including, but not limited to, any "website address" listings, domain name registration services, or "search optimization" services, are hereby restrained and enjoined from:

A.     Misrepresenting, expressly or by implication, that consumers have a preexisting business relationship with Defendants;

B.     Misrepresenting, expressly or by implication, that consumers owe money to Defendants for the continued registration of the consumers' current domain names;

C.     Misrepresenting, expressly or by implication, that Defendants will provide continued domain name registration services for consumers' current domain names;

D.     Misrepresenting, expressly or by implication, that Defendants will provide "search optimization" services that will substantially increase traffic, or direct mass traffic, to consumers' Internet Web sites;

E.     Misrepresenting, expressly or by implication, that Defendants will provide any product or service in connection with consumers' current domain names or Internet Web sites;

F.     Misrepresenting, expressly or by implication, that consumers owe Defendants money for any product or service;

G.     Misrepresenting, expressly or by implication, any fact material to a consumer's decision to purchase any product or services; and

H.     Assisting others who violate any provision of Subsections A through G of this Section.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and those persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property or other assets, or any interest therein, wherever located, including any assets outside the territorial United States, that are: (1) owned, controlled, or held by, or for the benefit of, in whole or in part, any Defendant; (2) in the actual or constructive possession of any Defendant; or (3) owned,

controlled, or held by, or in the actual or constructive possession of any other corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by, or under

common control with any Defendant, including, but not limited to, any assets held by or for any

Defendant in any account at any bank or savings and loan institution, or with any credit card

processing agent or agent providing electronic funds transfer services or automated clearing

house processing, network transaction processor, bank debit processing agent, customer service

agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit

union, retirement fund custodian, money market or mutual fund, storage company, trustee, or

with any broker-dealer, escrow agent, title company, commodity trading company, precious

metal dealer, or other financial institution or depository of any kind, either within or outside the

territorial United States;

      B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or

under any Defendant's control, without providing the Commission prior notice and an

opportunity to inspect the contents in order to determine that they contain no assets covered by

this Section;

      C.     Cashing any checks or depositing any payments from Internet Listing Service

Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS

CORP.NET; Issac Benlolo; and Kirk Mulveney, and by whatever other names each may be

known, and any subsidiaries, affiliates, and any fictitious business entities or business names

created or used by these entities or any of them;

D.       Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; and

E.       Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant.

Notwithstanding the asset freeze provisions of Section II.A-E above, and subject to prior written agreement with the Commission, Defendants Data Business Solutions Inc. and Ari Balabanian, may, upon compliance with Section III (Financial Statements) *infra*, pay reasonable, usual, ordinary, and necessary living and business expenses.

The assets affected by this Section shall include both existing assets and assets acquired after the issuance of this Order. Provided that, notwithstanding the foregoing, assets or funds acquired after the issuance of this Order shall not be subject to this Section so long as such assets or funds are not acquired, directly or indirectly, from the business activities of Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities or any of them. Provided further that Defendants shall provide the FTC with documents and records demonstrating the origin and disposition of assets or funds acquired after the date of the issuance of this Order within five days of a request by the FTC.

### III.

### FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not fully complied with the Temporary Restraining Order previously entered in this matter, no later than

five (5) business days after entry of this Order, each Defendant shall serve upon counsel for the Commission:

      A.     A completed financial statement, accurate as of the date of service of this Order, on the form previously served on Defendants with this Order, for such Defendant individually, and for each corporation or business entity under which such Defendant conducts business or of which such Defendant is an officer, and for each trust of which such Defendant is a trustee. Said financial statement shall include assets held outside the territory of the United States. Defendants shall attach to their completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules as called for by the instructions to the financial statements; and

      B.     A completed Consent to Release of Financial Information, attached as Attachment A to the Temporary Restraining Order previously entered in this matter, providing Plaintiff with access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, person, or other entity maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, or that at any time since August 1, 2004, has maintained or had custody of any such asset, and which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, or other property held by, or under its control, on behalf of any Defendant in any account maintained in the name of, or for the benefit of, any Defendant, in whole or in part, except in accordance with any further order of the Court;

B.     Deny Defendants access to any safe deposit boxes or storage facilities that are either titled in the name, individually or jointly, of any Defendant, or otherwise subject to access by any Defendant;

C.     Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.     The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.     The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.     The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant; and

D. Upon request by the Commission, within five (5) business days of said request, provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

The assets and funds affected by this Section shall include both existing assets and assets acquired after the effective date of this Order. Provided that, notwithstanding the foregoing, assets or funds acquired after the issuance of this Order shall not be subject to this Section so long as such assets or funds are not acquired, directly or indirectly, from the business activities of Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities or any of them.

## V.

## DUTIES OF THIRD PARTIES TO WITHHOLD DEFENDANTS' MAIL

**IT IS FURTHER ORDERED** that:

A. Any CMRA where Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac Benlolo; and Kirk Mulveney, or any of them, maintain an account, including, but not limited to, the UPS Store at 27 N. Wacker Dr., Suite #650, Chicago, Illinois 60606, or any branches thereof, upon being served with a copy of this Order, shall for the duration of this Order, retain and forward to

Plaintiff all mail received that is addressed to any Defendant and/or addressed to any other name

under which Defendants are doing business, including, but not limited to,"Internet Listing

Service Corp.," "ILS Corp.," "ILSCORP.NET," "Domain Listing Service Corp.," "DLS Corp.,"

and "DLSCORP.NET." This mail shall be forwarded to Plaintiff at the following address:

> Karen D. Dodge
> Marissa J. Reich
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603

Plaintiff is authorized to open this mail, and shall make the mail and its contents available to

counsel for Defendants, upon request, for review and copying while this case remains pending.

Plaintiff shall retain this mail, and its contents, for the duration of this Order, or until further

order of the Court or agreement of the parties; and

      B.    To the extent that Defendants have not fully complied with the Temporary

Restraining Order previously entered in this matter, within three (3) business days of service of

this Order, Defendants shall provide to counsel for the Commission a complete list of all CMRA

accounts or other mailing addresses used by Internet Listing Service Corp., ILS Corp.,

ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac

Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any

subsidiaries, affiliates, and any fictitious business entities or business names created or used by

these entities or any of them, either within or outside of the territorial United States, at any time

from August 1, 2004 through the date of entry of this Order.

## VI.

## SUSPEND COLLECTION OF CONSUMER PAYMENTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any U.S. consumer for any "website address" listing, domain name registration service, or "search optimization" service, arising from the business activities of Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities or any of them under any name, prior to the date of this Order.

## VII.

## DUTIES OF THIRD PARTIES PROCESSING PAYMENTS FOR DEFENDANTS

**IT IS FURTHER ORDERED** that PayPal, Inc., and its affiliates, or any other business entity or person providing any services or assistance in processing payments made by U.S. consumers to any Defendant, including, but not limited to, payments made by bank account debit or check, or credit or debit cards, that receives actual notice of this Order by personal service or otherwise, is hereby restrained and enjoined from providing any services or assistance in processing payments made by U.S. consumers to Internet Listing Service Corp., ILS Corp.,

ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac

Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any

subsidiaries, affiliates, and any fictitious business entities or business names created or used by

these entities or any of them under any name, arising from their business activities, prior to the

date of this Order, and from collecting any fees or charges in connection with providing such

assistance.

## VIII.

## DISABLEMENT OF DEFENDANTS' WEB SITES

**IT IS FURTHER ORDERED** that, any party hosting any Web pages or Web sites for

Internet Listing Service Corp., ILS Corp., ILSCORP.NET, Domain Listing Service Corp., DLS

Corp., and DLS CORP.NET; Issac Benlolo; and Kirk Mulveney, and by whatever other names

each may be known, and any subsidiaries, affiliates, and any fictitious business entities or

business names created or used by these entities or any of them under any name, including, but

not limited to, Wild West Domains, Inc., and its affiliates, shall:

      A.     Immediately take whatever steps may be necessary to ensure that Web pages or

Web sites operated, in whole or in part, under the names ilscorp.net, and dlscorp.net cannot be

accessed by the public;

      B.     Prevent the destruction or erasure of Web pages or Web sites operated, in whole

or in part, under the names ilscorp.net, and dlscorp.net by preserving such documents in the

format in which they are currently maintained; and

      C.     Unless previously done in full compliance with the Temporary Restraining Order

previously entered in this matter, immediately notify counsel for the Commission of any other

Web page or Web site operated or controlled by Defendants.

## IX.

## SUSPEND DOMAIN NAMES

**IT IS FURTHER ORDERED** that Wild West Domains, Inc., and its affiliates, and any

other domain name registrar shall:

A.       Immediately suspend the registration and prevent the transfer of the following

domain names: ilscorp.net, and dlscorp.net, by any and all means, including by removing name

server records for the domain names from the registry root file; and

B.       Unless previously done in full compliance with the Temporary Restraining

Order previously entered in this matter, immediately notify counsel for the Commission of any

other Web page or Web site operated or controlled by Internet Listing Service Corp., ILS Corp.,

ILSCORP.NET, Domain Listing Service Corp., DLS Corp., and DLS CORP.NET; Issac

Benlolo; and Kirk Mulveney, and by whatever other names each may be known, and any

subsidiaries, affiliates, and any fictitious business entities or business names created or used by

these entities or any of them under any name.

## X.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors,

servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates,

successors, and assigns, and all other persons in active concert or participation with them who

receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting

directly or through any trust, corporation, subsidiary, division, or other device, or any of them,

are hereby restrained and enjoined from:

A.     Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants; and

B.     Destroying, erasing, mutilating, falsifying, concealing, writing over, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records, including, but not limited to, any and all computerized files, storage media (including, but not limited to, floppy disks, hard drives, CD-ROMs, Zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, registrations, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet or sent via e-mail), FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, e-mail messages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, provincial, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices, or business or personal finances, of any Defendant; and

C.     Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and Web site address of the business

entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's complaint; and

B.    Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's complaint.

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each subsidiary, affiliate, partner, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, spouse, and representative of any Defendant. Within five (5) business days following service of this Order, Defendants shall serve on Plaintiff an affidavit identifying the name, title, addresses, and telephone numbers of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, first class mail, electronic mail, by agents and employees of the Commission or any state, provincial, federal, or international law enforcement agency, or by private process server, on: (1) Defendants; (2) any financial institution, entity, or person that holds, controls, or maintains custody of any documents or assets of any Defendant, or that held, controlled, or maintained custody of any documents or assets of any Defendant; or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

## CONSUMER REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Commission.

## XV.

## EXPEDITED ASSET DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, Plaintiff is granted leave, with notice to Defendants' counsel, at any time after service of this Order, to:

A.      Take the deposition, on three (3) calendar days' notice, of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of the Defendants, or their affiliates or subsidiaries; the nature and location of documents reflecting the Defendants' business transactions, or the business transactions of the Defendants' affiliates or subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of a person shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward the ten (10) deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile or by overnight delivery; and

B.    Demand the production of documents, on five (5) calendar days' notice, from any person, whether or not a party, relating to the nature, status, or extent of Defendants' assets, or of their affiliates or subsidiaries; the location of documents reflecting the business transactions of Defendants, or of their affiliates or subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action, provided that twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

## XVI.

## SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that any correspondence, papers, and pleadings related to this Order shall be served upon Plaintiff by overnight mail, courier delivery, or facsimile to:

> Karen D. Dodge
> Marissa J. Reich
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> facsimile transmission to: (312) 960-5600

## XVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this _30th_ day of ___June___, 2008, at _9.00 a_.m.

_____
Hon. Robert M. Dow Jr.
United States District Judge

Page 20 of 21

SO STIPULATED:

KAREN D. DODGE
MARISSA J. REICH
Attorneys for Plaintiff
Federal Trade Commission

DEFENDANT ARI BALABANIAN,
Individually, and on behalf of
DEFENDANT DATA BUSINESS
SOLUTIONS INC.

ANTHONY S. DIVINCENZO
RICK M. SCHOENFIELD
DiVincenzo Schoenfield Swartzman
Attorneys for Defendants Data Business
Solutions Inc. and Ari Balabanian