IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil Action No. 08 CV 2783 |
| Plaintiff, | Judge Robert M. Dow Jr. |
| v. | Magistrate Judge Morton Denlow |
| DATA BUSINESS SOLUTIONS INC., et al., | |
| Defendants. | |

## JOINT INITIAL STATUS REPORT

Plaintiff, the Federal Trade Commission ("FTC"), and Defendants, Data Business Solutions Inc., Ari Balabanian, Isaac Benlolo, and Kirk Mulveney ("Defendants"), hereby submit this Status Report pursuant to the Court's Minute Order of June 30, 2008.

**I.    ATTORNEYS OF RECORD**

The attorneys of record, who are also expected to try the case, if necessary, are as follows:

    A.    For the FTC:  Karen D. Dodge and Marissa J. Reich;

    B.    For Defendants Data Business Solutions Inc. and Ari Balabanian:  Anthony S. DiVincenzo and Rick M. Schoenfield of DiVincenzo Schoenfield Swartzman; and

    C.    For Defendants Isaac Benlolo and Kirk Mulveney:  Sally H. Saltzberg and P. Michael Loftus of Loftus & Saltzberg, P.C.

## II. BASIS FOR FEDERAL JURISDICTION

This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

## III. NATURE OF CLAIMS ASSERTED

The FTC alleges, *inter alia*, that Defendants, who operated out of Canada, have violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), by distributing to small businesses and non-profit organizations throughout the United States invoices for Internet Web sites that were disguised to look like annual bills from consumers' existing domain name registrars and falsely represented that Defendants would provide "search optimization" services that would substantially increase the amount of traffic to consumers' Web sites. Defendants deny the allegations. Furthermore, Defendants Data Business Solutions Inc. and Ari Balabanian claim that they are not liable for the contents of the alleged deceptive mailings. There are no counterclaims or third party complaints.

## IV. SERVICE UPON PARTIES

All the parties currently named in the complaint have been served. Plaintiff plans to amend the complaint in the near future to add additional parties.

## V. PRINCIPAL LEGAL ISSUES

The principal legal issues are:

    A.    Whether the Defendants' representations were false and misleading, and constituted deceptive acts or practices in violation of Section 5(a) of the FTC Act, and

    B.    Whether Defendants Data Business Solutions Inc. and Ari Balabanian are liable for the alleged deceptive acts or practices under Section 5(a) of the FTC Act.

VI.   **PRINCIPAL FACTUAL ISSUES**

The principal factual issues relate to:

A.  Whether, in connection with the offering for sale, or sale, of annual "website address" listings, the Defendants represented to consumers, either expressly or by implication, that:

 1. consumers had a preexisting business relationship with Defendants when, in reality, such a preexisting business relationship did not exist;

 2. consumers owed money to Defendants for the continued registration of the consumers' current domain names when, in reality, consumers did not owe money to Defendants for the continued registration of the consumers' domain names;

 3. Defendants would provide continued registration services for consumers' current domain names when, in reality, defendants did not provide continued registration services for consumers' current domain names; and

 4. Defendants would provide "search optimization" services that would substantially increase traffic, or direct mass traffic, to consumers' Internet Web sites when, in reality, Defendants did not provide such services.

B.  Whether each of the Defendants formulated, directed, controlled, or participated in the acts and practices alleged in the FTC's complaint;

C.  Whether Data Business Solutions Inc. was doing business as Internet Listing Service Corp., ILS Corp., ILSCorp.Net, Domain Listing Service Corp., DLS Corp., or DLSCorp.Net; and

  D. The amount of consumer injury that resulted from the practices alleged in the FTC's complaint.

## VII. DEMAND FOR JURY TRIAL

None of the parties has demanded a jury trial, nor is a jury demand appropriate.

## VIII. DESCRIPTION OF DISCOVERY

The parties are in the initial planning stages of discovery. The FTC anticipates serving Requests for Production of Documents, Interrogatories, and Admissions on all of the Defendants, and conducting depositions of the Defendants, former employees, and possibly other third parties. Due to the fact that the Defendants' principal place of business was located in Canada, and the Defendants, as well as witnesses, are also located in Canada, the FTC may require more than the ten depositions permitted under Rule 309(a)(2)(A) of the Federal Rule of Civil Procedure. In addition, the FTC may request that this Court issue letters rogatory to compel the production of documents or depositions from parties located in Canada if those parties are not willing to cooperate voluntarily.

Defendants also anticipate issuing written discovery and deposing any FTC employees, experts, consultants, or witnesses upon whom the FTC intends to rely.

## IX. SUGGESTED DATE AND ESTIMATED LENGTH OF TRIAL

Information about the date and length of trial cannot be reasonably ascertained at this early stage of the case.

## X. CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE

At this time, the parties do not consent to trial before a magistrate judge.

XI.  **STATUS OF SETTLEMENT DISCUSSIONS**

Although the parties have had some discussions regarding settlement, settlement negotiations are premature until discovery is conducted regarding the Defendants' sales and financial status.

XII.  **REQUEST FOR SETTLEMENT CONFERENCE**

At this time, the parties do not believe that a settlement conference is necessary, but may request one in the future after some discovery.

Dated: July 28, 2008                                  Respectfully submitted,

                                             s/ Karen D. Dodge
                                             KAREN D. DODGE
                                             MARISSA J. REICH
                                             Attorneys for Plaintiff
                                             Federal Trade Commission
                                             55 West Monroe Street, Suite 1825
                                             Chicago, Illinois  60603
                                             (312) 960-5634 (telephone)
                                             (312) 960-5600 (facsimile)

                                             ANTHONY S. DiVINCENZO
                                             RICK M. SCHOENFIELD
                                             DiVincenzo Schoenfield Swartzman
                                             Attorneys for Defendants Data Business Solutions Inc. and Ari Balabanian
                                             33 N. LaSalle St., 29th Floor
                                             Chicago, Illinois 60602
                                             (312) 334-4800 (telephone)
                                             (312) 551-0322 (facsimile)

_____
SALLY H. SALTZBERG
P. MICHAEL LOFTUS
Loftus & Saltzberg, P.C.
Attorneys for Isaac Benlolo and Kirk Mulveney
53 W. Jackson, Ste. 1515
Chicago, Illinois 60604
(312) 913-2000 (telephone)
(312) 663-6406 (facsimile)

## CERTIFICATE OF SERVICE

I, Karen D. Dodge, an attorney, hereby certify that on July 28, 2008, I caused to be served a true copy of the Joint Initial Status Report through the Court's Electronic Case Filing System, which will send notification of such filing to:

Anthony S. DiVincenzo
DiVincenzo Schoenfield Swartzman
asdlawyer@aol.com

Rick M. Schoenfield
DiVincenzo Schoenfield Swartzman
rschoenfield@aol.com

Sally H. Saltzberg
Loftus & Saltzberg, P.C.
shsaltzberg@lofsal.com

s/ Karen D. Dodge
Karen D. Dodge
Attorney for Plaintiff
Federal Trade Commission